FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 NOV -3

CLERK'S OFFICE
AT BALTIMORE

BY_____
DEPUTY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-24-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION

    Plaintiff,

- against -

STEVEN BYERS, JOSEPH
SHERESHEVSKY, WEXTRUST CAPITAL, LLC,
WEXTRUST EQUITY PARTNERS, LLC,
WEXTRUST DEVELOPMENT GROUP, LLC,
WEXTRUST SECURITIES, LLC, and
AXELA HOSPITALITY, LLC,

    Defendants, and

ELKA SHERESHEVSKY,

    Relief Defendant.
-------------------------------------------------------x

08-mc-265

08-cv-7104 (DC)

ECF CASE

**MEMO ENDORSED**

## ORDER ON CONSENT IMPOSING PRELIMINARY INJUNCTION AND OTHER RELIEF AGAINST THE DEFENDANTS AND RELIEF DEFENDANT

The Securities and Exchange Commission ("SEC") having filed a Complaint on August 11, 2008, and the SEC that same day having filed an Order To Show Cause seeking emergency relief; and the Court having entered orders dated August 11, 12 and September 12, 2008, collectively granting a temporary restraining order, asset freeze and other relief against Defendants Steven Byers ("Byers"), Joseph Shereshevsky ("Shereshevsky"), Wextrust Capital, LLC ("Wextrust"), Wextrust Equity Partners, LLC ("WEP"), Wextrust Development Group, LLC ("WDG"), Wextrust Securities, LLC ("Wextrust Securities") and Axela Hospitality, LLC ("Axela") (collectively "the Defendants") and appointing a temporary receiver over Wextrust, WEP, WDG, Wextrust Securities and Axela (collectively "the Wextrust Entity Defendants"); the SEC having filed the First Amended Complaint on September 4, 2008 and the SEC that same

day having filed an Order to Show Cause seeking emergency relief and the Court having entered an order dated August 28, 2008 granting an asset freeze over the assets of the Relief Defendant, Elka Shereshevsky ("E. Shereshevsky" or "Relief Defendant"); and Defendants Byers, Shereshevsky, Wextrust, WEP, WDG, Wextrust Securities and Axela and Relief Defendant E. Shereshevsky having each (1) entered a general appearance; (2) consented to the Court's jurisdiction over the Defendants and Relief Defendant and the subject matter of this action; (3) consented to entry of this Order On Consent Imposing A Preliminary Injunction And Other Relief Against The Defendants and Relief Defendant ("P.I. Order") without admitting or denying the allegations of the Complaint or Amended Complaint (except as to jurisdiction); and (4) waived findings of fact and conclusions of law; and (5) waived any right to appeal from this P.I. Order:

I.

IT IS HEREBY ORDERED that, pending final disposition of this action, the Defendants and the Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this P.I. Order by personal service or otherwise are preliminarily restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]

II.

IT IS HEREBY ORDERED that, pending final disposition of this action, Defendant Wextrust Securities and its agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this P.I. Order by personal service or otherwise are preliminarily restrained and enjoined from violating Sections 15(b)(1), 15(b)(7) and 15(c) of the Exchange Act, 15 U.S.C. §§78o(b)(1)&(7) and 78o(c), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R. §§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b-7.

III.

IT IS HEREBY ORDERED that, pending final disposition of this action, Defendants Byers and Shereshevsky and Defendants Byers' and Shereshevsky's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this P.I. Order by personal service or otherwise are preliminarily restrained and enjoined from aiding and abetting any violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78(o)(a)], or alternatively, from aiding and abetting violations of Sections 15(b)(1), 15(b)(7) and 15(c) of the Exchange Act, 15 U.S.C. §§78o(b)(1)&(7) and 78o(c), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R. §§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b-7.

IV.

IT IS HEREBY ORDERED that, pending final disposition of this action or such further order of the Court, the Defendants and the Relief Defendant and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual

3

notice of this P.I. Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants and Relief Defendant, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants or Relief Defendant to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the accounts listed on Exhibit B and Exhibit C, as well as each real estate parcel owned directly or indirectly by the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A. Notwithstanding the foregoing, nothing contained herein shall be construed to preclude Defendant Byers, Defendant Sherevshesky and/or the Relief Defendant, from applying to the Court, at any time, for an order relieving them (or any of them) from all or part of the provisions of this Section IV. The SEC reserves the right to oppose any such application but agrees that it shall not assert the fact of Defendants and/or Relief Defendants'

prior consent to this Section IV as a reason for the Court to deny all or any part of any such application.

V.

IT IS HEREBY ORDERED that, within 10 days of the entry of this order, Defendants Byers and Shereshevsky are each directed to provide a verified written accounting, each signed by Defendants Byers and Shereshevsky about the assets, liabilities and general financial condition of each of the Defendant Wextrust Entities, and verified accountings each signed by Defendants Byers and Shereshevsky identifying their own assets, liabilities and general financial condition, if any, under penalty of perjury. The Parties have agreed that if Defendants Byers and Shereshevsky assert their Fifth Amendment privileges and refuse to provide the required verified accountings, the SEC will not seek to have the Court hold them in contempt of this order and Defendants Byers and Shereshevsky agree that the Court or the finder of fact in this or any other proceeding may draw all applicable and lawful inferences from assertions of the Fifth Amendment privilege by Defendants Byers and Shereshevsky and refusal to provide verified accountings.

VI.

IT IS HEREBY ORDERED that, pending final disposition of this action or such further order of the Court, Timothy J. Coleman, Esq., who was appointed Temporary Receiver by the Court's previous orders dated August 11, 2008 and September 11, 2008, shall serve as Receiver over Defendants Wextrust, WEP, WDG, Wextrust Securities, and Axela and affiliated entities pending the final disposition of this action pursuant to all the terms stated in the Court's Amended Order Appointing Temporary Receiver, dated September 11, 2008, which is attached hereto as Exhibit D and fully incorporated into this Order by reference.

VII.

IT IS HEREBY ORDERED that, pending final disposition of this action or such further order of the Court, the SEC and the Receiver may conduct expedited discovery, pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), limited to issuing subpoenas and document requests to non-parties, and the Receiver may also continue to conduct discovery pursuant to the terms of the Amended Order Appointing Temporary Receiver, dated September 11, 2008, which is attached hereto as Exhibit D.

VIII.

IT IS HEREBY ORDERED that, pending final disposition of this action, the Defendants, and any person or entity acting at their direction or on his behalf, or any other person who receives actual notice of this P.I. Order by personal service or otherwise, are preliminarily restrained and enjoined from destroying, altering, concealing or otherwise interfering with the access of Plaintiff SEC and the Receiver to any and all documents, books and records, that are in the possession, custody or control of the Defendants, or any of them, and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, all entities identified on Exhibit A including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations.

IX.

IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

Dated: October 24, 2008

UNITED STATES DISTRICT JUDGE